UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | BANKRUPTCY NO. 06-10310 |
| | CHAPTER 13 |
| GARY L. LOPER AND TONJA S. LOPER, DEBTORS | |
| GARY L. LOPER and TONJA S. LOPER, Movants | DOCUMENT NO. 32 |
| v. | |
| HOUSEHOLD FINANCE CONSUMER DISCOUNT COMPANY, Respondents | |

MEMORANDUM

Gary L. Loper and Tonja S. Loper ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 31, 2006. The Respondent, Household Finance Consumer Discount Company ("Household") filed a proof of claim on April 11, 2006 (the "Proof of Claim"), in which Household asserts a secured claim in the amount of $72,512.21 including an arrearage of $18,447.10 based on the Note securing a first mortgage on the Debtors' residence (the "Note").

Before the Court is Debtors' OBJECTION TO CLAIM (the "Objection") in which Debtors dispute the amount of the claimed arrearage. Household responds that Objection is moot because it has filed an Amended Proof of Claim which indicates the obligation matures on July 9, 2009 and that Household's amended proof of claim reflects that it was a "total debt" claim.

The Note provides, "[I]f, on 07/01/2009, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date"."

The within case was filed on March 31, 2006. The Chapter 13 Plan filed by Debtors provides for a plan term of 60 months. Thus, the last final payment due under the Note is due before completion of the Plan.

11 U.S.C. § 1322(c)(2) provides:

> (2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

11 U.S.C. § 1322(c)(2).

Section 1325(a(5)(B)(ii) requires that the plan provide that "the value [of the secured claim], as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B)(ii).

"This subsection allows a mortgage that has come due before the last payment is due under the plan, to be modified so that the mortgage is paid in full by the time the last payment comes due under the plan." In re Lobue, 189 BR 216, 218 (Bankr. S.D. FL, 1998).

Debtors' Chapter 13 Plan cannot be upheld as a cure of a long term obligation under 11 U.S.C. § 1322(b)(5). This section allows a debtor to "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any . . . secured claim <u>on which the last payment is due after the date on which the final payment under the plan is due</u>." 11 U.S.C. § 1322(b)(5) (emphasis added).

Debtors' Plan fails to appropriately address the mortgage claim of Household. An appropriate Order will be entered.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE : | BANKRUPTCY NO. 06-10310 |
| : | CHAPTER 13 |
| GARY L. LOPER AND TONJA S. LOPER, : | |
| DEBTORS : | |
| : | |
| GARY L. LOPER and TONJA S. : | DOCUMENT NO. 32 |
| LOPER, Movants : | |
| v. : | |
| HOUSEHOLD FINANCE : | |
| CONSUMER DISCOUNT : | |
| COMPANY, Respondents : | |

ORDER

This 5th day of April, 2007, in accordance with the accompanying Memorandum, it shall be, and hereby is, ORDERED as follows:

1. The Order of Confirmation of June 29, 2006 which was subject to resolution of Household Consumer Discount Company ("Household") claim is VACATED.

2. Debtors shall, within 20 days, file an Amended Plan which treats the Household claim as a short term debt which cannot be extended beyond the maximum life of a Chapter 13 Plan.

3. Debtors' Objection to Claims is REFUSED without prejudice to Debtors' filing of an objection to the Amended Proof of Claim filed by Household on September 22, 2006.

_____
Warren W. Bentz
United States Bankruptcy Judge

FILED
APR 5 2007

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE